## MANASSE v. SPALDING.

*(Circuit Court, N. D. Illinois. May 26, 1885.)*

1. CUSTOMS DUTIES—PHILOSOPHICAL INSTRUMENTS.
   Anemometers, hygrometers, Ruhmkorf coils, barometers, stereopticons, galvanometers, Geissler tubes, Grenat batteries, radiometers, *held* to be dutiable, as "philosophical apparatus and instruments," at the rate of 35 per cent. *ad valorem.*

2. SURVEYORS' COMPASSES.
   *Held* to be dutiable at 45 per cent. *ad valorem.*

At Law.

*Percy L. Shuman* and *Jo. H. Defrees, Jr.,* for plaintiff.

*Chester M. Dawes,* Asst. U. S. Atty., for defendant.

BLODGETT, J., *(orally.)* In November and December, 1883, the plaintiff imported several invoices of anemometers, hygrometers, Ruhmkorf coils, barometers, stereopticons, galvanometers, Geissler tubes, Grenat batteries, radiometers, and surveyors' compasses, and a duty of 45 per cent. *ad valorem* was assessed on them, under the last clause of Schedule C of the tariff act of March 3, 1883, which reads as follows, (Heyl, pt. 2, p. 13, cl. 216:)

"Manufactures, articles, or wares, not specially enumerated or provided for in this act, composed wholly or in part of iron, steel, copper, lead, nickel, pewter, tin, zinc, gold, silver, platinum, or any other metal, and whether partly or wholly manufactured, 45 per cent. *ad valorem.*"

The plaintiff insisted that these goods were only subject to a duty of 35 per cent. *ad valorem* under Schedule N of the same act, (Heyl, pt. 2, p. 31, cl. 475,) as "philosophical apparatus and instruments," and the only question in the case is, what is meant by the term "philosophical apparatus and instruments" as here used. The testimony in the case shows that goods of this kind are sold mainly to schools and institutions of learning, and to persons engaged in scientific pursuits and observations. When an instrument or apparatus involves the illustration of some principle of natural philosophy or natural science, it may be properly termed, I think, "a philosophical instrument," within the meaning of this clause. But it is insisted that instruments of this character have now gone into such general use in the arts and in business that they have become mere implements or tools of trade. While I must admit there is some force in the argument, yet I do not see where the line can be safely drawn in the application of this rule. The barometer, for instance, is an instrument devised for the purpose of indicating the weight or pressure of the atmosphere, and acts wholly in obedience to certain natural laws, and illustrates such laws; but it has come into very general use, and is no longer an instrument used only for illustrating the principles of natural science. It is used as a "weather-glass" by many people who are not engaged in scientific pursuits or scientific instruction, who are only interested in its in-

dications for the purpose of forecasting the weather, or to gratify their curiosity. The same may be said of the thermometer and hygrometer; but still these instruments are part of the apparatus used for instruction and information in various ways in relation to scientific subjects, and the universality of their use does not detract from their character as philosophical instruments. If thermometers or hygrometers are so constructed as to be obviously intended for use only in some special branch of business or trade, as in that of brewing and distilling, for instance, they might then be deemed implements of trade for that purpose; or the thermometer used by the physician for determining the temperature of the patient, might be held to be an implement of his calling or profession, because it is peculiarly adapted to that purpose, and, perhaps, to none other. But the instruments involved in this invoice are adapted, as the proof shows, to the purposes of scientific instruction, and are also capable of being, to some extent, utilized by those sufficiently educated to apply them to certain purposes in the arts. They must, therefore, be allowed, as it seems to me, to come under this general description as "philosophical instruments and apparatus," and are only subject to a duty of 35 per cent. *ad valorem.* Surveyors' compasses, which are also included in this invoice, it seems to me are more properly described as "mathematical instruments," and not as "philosophical instruments." A surveyor's compass is something more than a mere needle which indicates the direction of the magnetic meridian. It is a combination of sights, levels, graduated arcs, etc., with the needle, for certain specific purposes, like that of running lines, adjusting boundaries, etc.; and as such they seem to me to be more accurately described as mathematical instruments or implements of trade.

The finding will therefore be for the plaintiff as to all these goods except the surveyors' compasses.